**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

VONELL DAVIS, JR.,                          *

Plaintiff,                                  *

v.                                          *          Civil Action No. PX-21-2740

MR. WAYNE HILL, *et al.*,                    *

Defendants.                                 *
                                          ***

**MEMORANDUM OPINION**

Plaintiff Vonell Davis, Jr., an inmate at Dorsey Run Correctional Facility in Jessup, Maryland, has filed suit pursuant to 42 U.S.C. § 1983, contending that defendants are feeding him and other inmates peanut butter with known carcinogens, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 1. Defendants Wayne Hill, Maria Maxino-Sabundayo, and Vernon Crowell have filed a motion to dismiss the Complaint to which Davis has responded. ECF No. 19, 25 & 27.[1] Davis also separately moves for clerk's entry of default and default judgment (ECF Nos. 17 & 18), to amend the complaint, (ECF No. 26), and to appoint counsel (ECF No. 28).

The Court has reviewed the pleadings and finds no need for a hearing. *See* D. Md. Local R. 105.6. For the reasons stated below, Defendants' motion to dismiss is granted, and Davis' motions are denied. The Court turns first to the motion to dismiss.

**I.      Background**

While incarcerated, Davis worked in the kitchens at both Jessup Correctional Institution and Dorsey Run Correctional Facility. He discovered that inmates are served "Peanut Kids"

---

[1] Davis moved for an extension of time to respond to the motion (ECF No. 25) which the Court grants *nunc pro tunc.*

peanut butter, which purportedly includes a warning "stamp" on the package alerting the consumer that the peanut butter "may expose you to a cancerous chemical component 'acrylamide'" as well as "lead."  ECF No. 1 at 3.  The Complaint alleges that the peanut butter is served almost every week.  Defendants are officers within the Maryland Division of Corrections, and they generally authorize the provision of meals at the prisons.  From this, the Complaint avers that Defendants are responsible for Davis having consumed "this poison for the last 3 yrs [sic]."  *Id*.  Davis requests money damages for his "pain and suffering" and that the Court enjoin the Division of Corrections from serving the peanut butter in the future.  *Id*. at 5.

**II.   Analysis**

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions devoid of supporting facts do not suffice, *Iqbal*, 556 U.S. at 678.  The Court must examine the complaint as a whole and construe the complaint facts as true and most favorably to the plaintiff to ascertain whether the claim survives challenge.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Although Defendants front many arguments for dismissal, the Court focuses solely on why the claim fails as a matter of law.  Construed most charitably to Davis, the Complaint avers that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they allowed Peanut Kids peanut butter to be served to him.  The Eighth Amendment

2

"protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve,* 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Conditions of confinement that "involve wanton and unnecessary infliction of pain," or which "deprive inmates of the minimal civilized measure of life's necessities," may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But harsh or restrictive conditions alone do not violate the Eighth Amendment because such conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

An unconstitutional conditions claim must plausibly aver that the defendant deprived the inmate of "a basic human need" that was *objectively* sufficiently serious, and "that *subjectively* the officials act[ed] with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation and quotation marks omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991)). For the deprivation to be objectively serious, some facts need to show that the inmate suffered "serious or significant physical or emotional injury resulting from the challenged conditions;" or that a substantial risk of such serious harm exists from the inmate's "unwilling exposure to the challenged conditions." *Shakka*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)). Thus, "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" violates the Eighth Amendment, even if "the complaining inmate shows no serious current symptoms." *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993); *see also Webb v. Deboo*, 423 F. App'x 299, 300 (4th Cir. 2011). As to the subjective element of the claim, the complaint must plausibly aver that that the defendant knew of

and recklessly disregarded the excessive risk of harm to the inmate's health or safety.  *See Wilson*, 501 U.S. at 302–03 (applying the deliberate indifference standard to conditions of confinement claims).

Viewing the Complaint facts as true and most favorably to Davis, the claim fails firstly because no facts make plausible that Davis had been deprived of a basic human need through extraordinarily harsh confinement conditions.  The Complaint avers that Davis learned of the health risks associated with a certain brand peanut butter because he saw a warning label on the product.  But no facts make plausible that Davis was forced to eat the offending peanut butter or had otherwise been deprived a basic life necessity if he chose not to eat the peanut butter. Additionally, no facts make plausible that Defendants subjectively knew about the label warnings on the peanut butter and recklessly disregarded them. The Complaint merely alleges that defendants generally "order and approve" the food served to inmates.  ECF No. 1 at 4.  General involvement in food services does not permit the reasonable inference that Defendants knowingly authorized the provision of this particular peanut butter.  Accordingly, the claim fails and must be dismissed.[2]

### III.    Davis' Motions

Davis' motions can be disposed of summarily.  As to his motions for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default judgment is reserved for those matters where the adversary process has been halted by an unresponsive party.  *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).  That is not this case.  Although

---

[2] Davis also named "Peanut Kids" as a third defendant, but because Davis did not perfect service on Peanut Kids, the corporation has not appeared in the case.  Additionally, no constitutional claim may lie against a private corporation for which no state action is alleged.  *See* 42 U.S.C. § 1983.  Accordingly, all allegations against Peanut Kids are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Davis is correct that the Defendants had filed their motion beyond the original filing deadline, they also sought an extension of time and ultimately filed a substantive motion to dismiss the claim. Defendants can hardly be deemed an unresponsive party. Further, because the Complaint fails to state a legally cognizable cause of action, default judgment cannot be granted in any event. *See Olekanma v. Wolfe*, 2017 WL 784121 (D. Md. Mar. 1, 2017) (noting that "entry of default [means] only that the well-pled allegations in a complaint as to liability are taken as true.") (internal quotation marks and citations omitted). The motion is thus denied.

As for Davis' motion to amend the Complaint, Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." But if the proposed amendment is futile, the Court may deny the motion. An amendment is futile if the amended claim still fails as a matter of law. *See Katyle v. Penn Nat. Gaming, Inc*. 637 F.3d 462, 471 (4th Cir. 2011), citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008). Here, the proposed amended complaint adds defendants, but the allegations otherwise mirror those of the original complaint. ECF No. 26-1. Accordingly, the proposed amended complaint suffers from the same defects as the operative Complaint, and so the motion to amend is denied as futile.

Last, the Court turns to Davis' motion for court appointed counsel. ECF NO. 28. Because the Complaint will be dismissed and Davis' other requests for relief denied, the case is at an end. Accordingly, the motion for court appointed counsel is denied as moot.

### IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 19, is GRANTED. Davis' Motions for Clerk's Entry of Default (ECF No. 17), for Default Judgment (ECF No. 18), to Amend Complaint (ECF No. 26) and to Appoint Counsel (ECF No. 28) are DENIED. Davis'

Motion to Extend Time to File Response (ECF No. 25) is GRANTED nunc pro tunc.  A separate

Order follows.

<u>   1/30/23   </u>                              /S/
                                          _____
Date                                      Paula Xinis
                                          United States District Judge